IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GARY GAINES HIDALGO,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>ERIC H. HOLDER, JR., et, al.<br><br>Respondents. | MEMORANDUM DECISION AND ORDER DENYING WRIT OF HABEAS CORPUS<br><br><br><br><br><br>Case No. 2:11-CV-308 TS<br>Related Case. 2:10-MJ-165 PMW |

This matter is before the Court on Petitioner Gary Gaines Hidalgo's ("Petitioner") Petition for Writ of Habeas Corpus.[1] Through his petition, Petitioner challenges the extradition certification issued by Judge Warner. Also before the Court is Respondent Rolan Cook's ("Respondent Cook") Motion to Dismiss Petition for Writ of Habeas Corpus Against Rolan Cook.[2] Respondent Cook seeks dismissal of the petition as against him because he alleges that the Petitioner is no longer in his custody. For the reasons discussed below, the Court will deny Petitioner's Petition and deny Respondent Cook's Motion to Dismiss as moot.

---

[1]Docket No. 1.

[2]Docket No. 8.

1

# I. BACKGROUND

On June 21, 2010, the United States Attorney's Office for the District of Utah (the "Government") filed a complaint in extradition seeking the extradition of Petitioner to Mexico. The Mexican government requested the extradition of Petitioner under the Extradition Treaty between the United States and Mexico for the felony criminal offenses of aggravated homicide and attempted aggravated homicide committed with malice aforethought, lying in wait and treachery. Magistrate Judge Warner issued an Extradition Certification on February 24, 2011, and an Amended Extradition Certification on March 31, 2011, holding the Petitioner subject to extradition to Mexico under 18 U.S.C. § 3184. On March 2, 2011, the Petitioner filed a Motion to Stay Certification and Surrender Pending Review in order to file this habeas corpus petition pursuant to 18 U.S.C. § 2241. This Court received the writ and held oral argument on July 13, 2011.

The Government alleges the following facts. In the early morning hours of March 4, 2010, Petitioner opened fire on brothers Daniel Hernandez Ascencio and Jonathan Hernandez Ascencio, and their cousin Hector Hernandez Ascencio outside a bar in La Paz, Baja California Sur, Mexico. Jonathan was killed and the surviving victims sustained gunshot wounds. Both Daniel and Hector provided statements to the Mexican Public Prosecutor outlining the events that transpired prior to the shootings and their observations of the Petitioner. The statements also indicate that Petitioner is a member of a group "Los Bebos," and the Los Bebos were planning something. The statements also include details as to Petitioner opening fire on them. The

Government alleges that the surviving witness statements were corroborated by disinterested eye witnesses who saw Petitioner shoot and chase the victims.

## II.  STANDARD OF REVIEW

"An extradition order cannot be directly appealed."[3]  "Rather, an individual seeking to challenge a magistrate judge's extradition order must pursue a writ of habeas corpus."[4]  This review, however, is limited.  The Tenth Circuit explained the limits on this review in *Smith v. United States*.[5]  In that case, the court held:

> The scope of habeas corpus review of a magistrate judge's extradition order under a treaty with a foreign country is limited to determining whether the magistrate judge had jurisdiction, whether the offense charged is within the treaty, and, by somewhat liberal construction, whether there was any evidence warranting finding that there was a reasonable ground to believe the accused was guilty.[6]

## III.  DISCUSSION

Before this Court, as before the Magistrate, there is no dispute as to jurisdiction, or that the offenses of aggravated homicide and attempted aggravated homicide, both committed with malice aforethought, lying in wait and treachery, are within the extradition treaty with Mexico. The only issue before the Court is whether there is any evidence warranting a finding of reasonable ground to believe the accused was guilty.  That issue is shorthanded as probable cause.

---

[3]*Peters v. Egnor*, 888 F.2d 713, 716 (10th Cir. 1989) (citing *Collins v. Miller*, 252 U.S. 364, 369 (1920)).

[4]*Joseph v. Hoover*, 245 F. Supp. 2d 595, 598 (D. V.I. 2003).

[5]82 F.3d 964 (10th Cir. 1996).

[6]*Id.* at 965.

"The probable cause standard applicable in extradition proceedings is identical to that used by courts in federal preliminary hearings. The burden of the government is to offer evidence that 'would support a reasonable belief that [the defendant] was guilty of the crime charged.'"[7] The role of the magistrate judge in an extradition proceeding is, therefore, "to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction."[8]

"Habeas corpus review of the magistrate's finding of probable cause is even narrower. The court uses the 'lenient standard,' of 'by a somewhat liberal construction, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.'"[9] "'Appeal on this issue must fail if there is 'any evidence of probable cause.'"[10]

Petitioner asserts that the Magistrate Judge erred in finding probable cause to grant the extradition certification because the official evidence presented by the Government was falsified or distorted, contradictory, and, on its face, insufficient to support a finding of probable cause and the Magistrate Judge should have considered the evidence, including the alleged recantations by witnesses, provided by Petitioner. Petitioner also argues that the failure of the Magistrate Judge to consider all the evidence violated his constitutional rights.

---

[7] *Sidali v. I.N.S.*, 107 F.3d 191, 199 (3d Cir. 1997) (quoting *Sidona v. Grant*, 619 F.2d 167, 175 (2d Cir. 1980)).

[8] *Peters,* 888 F.2d at 717 (quoting *Collins v. Loisel*, 259 U.S. 309, 316 (1922)).

[9] *Id*. (quoting *Demjanjuk v. Petrovsky*, 776 F.2d 571, 576 (6th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986) & *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925)).

[10] *Id.* (quoting *Theron v. United States Marshal*, 832 F.2d 492, 501 (9th Cir.1987)).

4

A.    SUFFICIENCY OF EVIDENCE

Petitioner argues briefly in his petition that Magistrate Judge erred in finding probable cause because the official evidence presented by the Government is inherently contradictory and has been falsified or distorted.  In addressing these arguments, the Magistrate Judge "determined that [Petitioner's] arguments are without merit and the official evidence is sufficient to support a finding of probable cause."[11]

This Court finds that Petitioners "challenge to the reliability and credibility of the evidence is misdirected,"[12] given that "'[t]he credibility of witnesses and the weight to be accorded their testimony is solely within the province of the extraditing magistrate.'"[13]  This Court will not disturb the finding of the magistrate judge as to the reliability and credibility of the evidence presented by the Government in support of extradition and, as such, will deny any relief on these grounds.

B.    EXPLANATORY OR CONTRADICTORY

Petitioner's principal argument for writ of habeas relief is that the Magistrate Judge erred in failing to consider the alleged recantations by the majority of the witnesses for the Government.  The Magistrate Judge reasoned that "[m]ost, if not all, of the evidence [Petitioner] relies upon to support his arguments is contradictory evidence" and, thus, found it inadmissible.[14]

---

[11]*United States v. Hidalgo*, 2011 WL 754270, at *5 (D. Utah Feb. 24, 2011).

[12]*Quinn v. Robinson*, 783 F.2d 776, 815 (9th Cir. 1986), *cert. denied*, 479 U.S. 882 (1986).

[13]*Id.* (quoting *Austin v. Healey*, 5 F.3d 598, 605 (2d Cir. 1993)).

[14]*Hidalgo*, 2011 WL 754270, at *5.

Petitioner challenges the Magistrate Judge's ruling that Petitioner's evidence should not be considered and weighed against the evidence presented by the Government. According to Petitioner, "[b]y this Petition, [he] is making a legal argument regarding the scope of the Magistrate Judge's ability to weigh the evidence presented."[15] Petitioner asserts that "while a full trial is not proper, at the very least, the court must consider evidence that the declarations submitted by the Requesting Nation have been falsified or recanted."[16] The Government responds that only explanatory, as opposed to contradictory, evidence may be admitted and the extent to which the Petitioner may offer explanatory proof is largely within the discretion of the Magistrate Judge.

The question before the Court is whether it was proper for the Magistrate Judge to refuse to consider Petitioner's evidence—evidence consisting principally of recantations by various of the witnesses who originally provided statements for the Mexican Government—on the basis that it contradicted the Government's evidence.

As indicated above, the probable cause standard applicable in extradition proceedings is identical to that used by courts in federal preliminary hearings. Thus, the role of the magistrate judge in an extradition proceeding is "to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction."[17]

---

[15] Docket No. 17, at 2.

[16] *Id*. at 3.

[17] *Peters*, 888 F.2d at 717 (quoting *Collins v. Loisel*, 259 U.S. 309, 316 (1922)).

Given this limited review, the United States Supreme Court has held that petitioners do not have a right to introduce evidence at an extradition proceeding, reasoning that:

> If this were recognized as the legal right of the accused in extradition proceedings, it would give [petitioner] the option of insisting upon a full hearing and trial of his case here; and that might compel the demanding government to produce all its evidence here, both direct and rebutting, in order to meet the defense thus gathered from every quarter. The result would be that the foreign government, though entitled by the terms of the treaty to the extradition of the accused for the purpose of a trial where the crime was committed, would be compelled to go into a full trial on the merits in a foreign country, under all the disadvantages of such a situation, and could not obtain extradition until after it had procured a conviction of the accused upon a full and substantial trial here. This would be in plain contravention of the intent and meaning of the extradition treaties.[18]

On this point, the Supreme Court has also held that "[t]o have witnesses produced to contradict the testimony for the prosecution is obviously a very different thing from hearing witnesses for the purpose of explaining matters referred to by the witnesses for the government."[19]

Based on this language, "[p]articipation by the fugitive at the extradition proceeding is limited; he is not permitted to introduce evidence on the issue of guilt or innocence but can only offer evidence that tends to explain the government's case of probable cause."[20]

To support his ruling, the Magistrate Judge cited language from *Mainero v. Gregg*.[21] In *Mainero*, the court instructed that "[g]enerally, evidence that explains away or completely obliterates probable cause is the only evidence admissible at an extradition hearing, whereas

---

[18]*Collins*, 259 U.S. at 316.

[19]*Charlton v. Kelly*, 229 U.S. 447, 461 (1913).

[20]*Hooker v. Klein*, 573 F.2d 1360, 1368 (9th Cir. 1978), *cert. denied*, 439 U.S. 932 (1978).

[21]164 F.3d 1199 (9th Cir. 1999).

evidence that merely controverts the existence of probable cause, or raises a defense, is not admissible."[22]  Petitioner seizes on this language, to assert that the recantations are properly admissible because they obliterate all probable cause rendered by the earlier statements. Petitioner cites two cases from other district courts in support of this argument.[23]  In those cases, recantations, which otherwise may have been contradictory, were considered in the extradition hearing because the respective courts found that they obliterated all probable cause.  Petitioner asserts that this same standard should have been applied in this case and that the Magistrate Judge should be required to review whether or not Petitioner's evidence of recantation by witnesses obliterates all probable cause.

The Court notes that the Tenth Circuit has yet to consider whether otherwise contradictory evidence should be admitted in an extradition hearing where it may obliterate probable cause.  At the outset, the Court notes that the facts of this case are distinguishable from those cases cited by Petitioner.  The Government persuasively demonstrated in oral argument that, even were the recantations to be admitted, there would still be other evidence sufficient to support probable cause.

Furthermore, the Court is not persuaded that the cases cited by Petitioner represent the proper application of the law.   This Court is persuaded by the reasoning of the recent case of *In*

---

[22]*Id*. at 1207 n.7.

[23]*See In re Gonzalez*, 52 F. Supp. 2d 725, 738-40 (W.D. La. 1999) (admitting "credible" alibi evidence that "undermines, or 'negates' the existence of probable cause"); *In re Contreras*, 800 F. Supp. 1462, 1465, 1469-70 (S.D. Tex. 1992) (holding that where all of the statements inculpating the accused had been recanted and there was no other evidence supporting probable cause, the recantations "negated" probable cause and were admissible).

*re Extradition of Santos.*[24] That case rejects the case law relied on by Petitioner that allowed such evidence, as a misreading of the difference between explanatory and contradictory evidence.[25] The *Santos* court noted that the Ninth Circuit had not determined directly if recantation evidence was admissible at extradition hearings, but in *Barapind v. Enomoto*,[26] had examined recantation evidence offered and accepted by the magistrate who held its credibility could not be determined without a trial and, therefore, did not negate probable cause.

> [T]he Ninth Circuit explained that the recantation evidence admitted by the extradition court "did not obliterate the requesting nation's showing of probable cause" because that evidence "constituted conflicting evidence, the credibility of which could not be assessed without a trial," and "extradition courts do not weigh conflicting evidence in making their probable cause determinations."[27]

This Court finds that this is the better statement of the law and agrees with the *Santos* court that it "is supported by well-reasoned decisions" from other circuits.[28]

---

[24]--- F. Supp. 2d ---, 2011 WL 2415742 (C.D. Cal. June 13, 2011).

[25]*Id*. at *18 ("Some courts have interpreted the 'rule of non-contradiction' to allow the introduction of contrary evidence so long as that evidence can be said to completely 'negate' or 'obliterate' probable cause . . . [t]hose cases are not controlling. Furthermore, their formulation appears to be an unwarranted gloss on language construing the scope of explanatory evidence.").

[26]400 F.3d 744, 749 (9th Cir. 2005).

[27]*Santos*, 2011 WL 2415742, at *20 (quoting *Barapind*, 400 F.3d at 749).

[28]*Id*. (citing *Bovio v. United States*, 989 F.2d 255, 259 (7th Cir. 1993) (holding that an accused had "no right to attack the credibility of [the government's witnesses] at this stage of the proceedings; issues of credibility are to be determined at trial"); *Eain v. Wilkes*, 641 F.2d 504, 511 (7th Cir. 1981) (holding that the court did not err in refusing to admit recantations of inculpatory statements by the accused's alleged accomplices because those statements "tend to contradict or challenge the credibility of the facts implicating" the accused, who "has no right to contradict the demanding country's proof or to pose questions of credibility as in an ordinary trial, but only to offer evidence which explains or clarifies that proof"); *Extradition of Singh*, 124 F.R.D. 571, 579 (D. N.J. 1987) ("[T]here is no issue better designed to convert this [extradition]

In the instant action, the Magistrate Judge indicated in granting the Extradition Certification, that he "carefully considered the parties' written submissions, as well as the arguments presented by counsel."[29]  After this plenary review of the record, the Magistrate Judge found that the recantations were contradictory evidence, and thus, were not admissible in the extradition proceeding.  The recantation evidence includes evidence that the witnesses were intimidated, beaten, forced to sign their original statements, and that the Mexican police changed their original statements.  The Magistrate Judge found this evidence to be contradictory.

This Court agrees with the Magistrate Judge's ruling.  To determine if the Government's proffered statements are "obliterated" by the recantations would require weighing evidence and making credibility determinations.  Therefore, Petitioner's evidence is contradictory and was properly excluded from consideration by the Magistrate Judge.

C.    CONSTITUTIONAL CLAIMS

Petitioner argues that the failure by the Magistrate Judge to fully consider all of the evidence and his assumption of reliability based on bare authentification of the Government's evidence, constitutes a violation of his Constitutional rights.  Petitioner alleges a violation of his Fourth Amendment right not to be detained and sent to a foreign country without a proper judicial finding of probable cause and his Fifth Amendment right to due process in responding to the allegations against him.  The Government contends that an extradition proceeding is *sui*

---

proceeding into a dress rehearsal trial than a dispute between defendants and the Government as to whether [the witness] was coerced into making a confession.")).

[29]*Hidalgo*, 2011 WL 754270, at *1.

10

*generis* and the usual constitutional rights available to those charged in United States criminal trial are not available to Petitioner.

First, Petitioner's claim under the Fourth Amendment fails because the Court has found that the Magistrate Judge properly found probable cause. Next, Petitioner's due process claim fails because, as indicated above, the Supreme Court has held that petitioners do not have a right to introduce evidence at an extradition proceeding because, if this were recognized as the legal right of the accused in extradition proceedings, it would give petitioners the option of insisting upon a full hearing and trial of their case in the United States.[30]

In sum, even accepting that this Petition is a proper vehicle for redress of Petitioner's alleged constitutional violations, Petitioner has failed to state a claim for violation of his Fourth and Fifth Amendment Constitutional rights.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) is DENIED. It is further

ORDERED that Respondent Cook's Motion to Dismiss Petition for Writ of Habeas Corpus Against Rolan Cook (Docket No. 8) is DENIED AS MOOT. The clerk of court is directed to close this case forthwith.

---

[30] *Collins*, 259 U.S. at 316.

DATED   October 25, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge